IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WILLIAM ALEXANDER WHITE | ) | CASE NO. 08-71107 |
| | ) | |
| Debtor. | ) | |

---

| | | |
|---|---|---|
| | ) | |
| UNNAMED CITIZENS A THRU E | ) | |
| AND CERTAIN MINOR CHILDREN, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | AMENDED MOTION |
| v. | ) | FOR RELIEF FROM |
| | ) | AUTOMATIC STAY |
| WILLIAM ALEXANDER WHITE, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MEMORANDUM DECISION

### BACKGROUND

On September 19, 2008, Unnamed Citizens A-D and certain Minor Children[1]

(hereinafter, the "Unnamed Citizens") filed a Motion for Relief from Automatic Stay against the

Debtor, William Alexander White, who filed a voluntary Chapter 11 bankruptcy petition in this

Court on June 13, 2008.   On September 22, 2008, an Amended Motion for Relief from

Automatic Stay was filed to include Unnamed Citizen E as a party.   The Debtor filed a response

to the Amended Motion on October 3, 2008.  Also on September 19, the Unnamed Citizens filed

a complaint which initiated an adversary proceeding which was given the case number 08-

---

[1] The movants, for fear of retaliation, requested to move forward with these proceedings
anonymously, and this Court approved that request by Order entered September 23, 2008, which
grants the movants' Amended Motion for Leave to Proceed by Pseudonyms and for Permission
to File Reference List of Names under Seal.

07062, seeking a determination of the dischargeability of any debts resulting from the causes of

action which they intend to prosecute.  These underlying causes of action stem from a letter

allegedly sent by the Debtor to each of the Unnamed Citizens in order to threaten or intimidate

them in response to the proceedings the Unnamed Citizens had filed against their landlord in the

District Court for the Eastern District of Virginia.[2]  The letter was dated May 23, 2007, and it

was allegedly received by the Unnamed Citizens on May 25, 2007, more than one year prior to

the commencement of the Debtor's current bankruptcy case.  As a result of this letter, the

Unnamed Citizens wish to initiate proceedings against the Debtor under various federal and state

housing laws.  In the Amended Motion for Relief presently before this Court, the Unnamed

Citizens seek the authority from this Court to proceed notwithstanding the operation of the

automatic stay which has been in place since the filing of the Debtor's bankruptcy case by virtue

of 11 U.S.C. § 362(a).  The Amended Motion does not make any allegation that the Debtor has

insurance which would provide coverage for the claims they wish to pursue against him and

counsel for the Unnamed Citizens has made no suggestion to such effect or that such coverage is

believed to exist.

       The Amended Motion for Relief, and the Debtor's Response thereto, came before

this Court at a hearing on November 10, 2008, during which counsel for both parties appeared

and argued their positions.  The Debtor, however, was unable to attend the hearing due to his

present incarceration while awaiting federal charges in Chicago, Illinois, for which his trial has

been set to begin on March 3, 2009.  Additionally, the Debtor is being held without bond,

---

[2] This Court neither expresses an opinion about, nor makes any findings of fact or
conclusions of law with respect to, the lawfulness of the conduct in which the Debtor is alleged
to have been engaged.

pending resolution of the federal charges.  After hearing the arguments, and being advised of the

facts underlying the Motion and the circumstances surrounding the Debtor's present situation,

this Court took the matter under advisement.

## CONTENTIONS OF THE PARTIES

In their Amended Motion for Relief, the Unnamed Citizens seek relief from the

automatic stay "for cause" under 11 U.S.C. § 362(d)(1).  The Unnamed Citizens initially observe

that the Bankruptcy Code leaves "cause" undefined but cite to several cases which highlight

several factors a court should acknowledge when determining whether "cause" has been

established under the circumstances unique to the situations before it.  Namely, the movants cite

to *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984), and *Schneiderman v. Bogdanovich (In re
Bogdanovich)*, 292 F.3d 104 (2d Cir. 2002), for a laundry list of factors which they argue should

be considered by this Court:

> (a) Whether relief would result in a partial or complete resolution of
> the issues;
> (b) Lack of any connection with or interference with the bankruptcy
> case;
> (c) Whether the other proceeding involves the debtor as a fiduciary;
> (d) Whether a specialized tribunal with the necessary expertise has
> been established to hear the cause of action;
> (e) Whether the debtor's insurer has assumed full responsibility for
> defending it;
> (f) Whether the action primarily involves third parties;
> (g) Whether litigation in another forum would prejudice the interests
> of other creditors;
> (h) Whether the judgment claim arising from the other action is
> subject to equitable subordination;
> (i) Whether movant's success in the other proceeding would result in
> a judicial lien avoidable by the debtor;
> (j) The interests of judicial economy and the expeditious and
> economical resolution of litigation;
> (k) Whether the parties are ready for trial in the other proceeding; and
> (l) Impact of the stay on the parties and balance of harms.

3

*In re Curtis*, 40 B.R. at 799-800; *In re Bogdanovich*, 292 F.3d at 110.  The Unnamed Citizens assert that the Debtor has the burden of proof regarding the absence of cause by virtue of 11 U.S.C. § 362(g)[3], and they argue that the factors listed above "overwhelmingly militate in favor of granting the motion."

During the hearing of November 10, 2008, counsel for the Unnamed Citizens reasserted the arguments contained within the motion.  Counsel for the Debtor responded by asserting the affirmative defenses pled to the related adversary proceeding as defenses to the Amended Motion for Relief.  Those defenses were as follows: (1) the issues presented by the causes of action which the Unnamed Citizens seek to pursue outside of the bankruptcy case have already been adjudicated and are, therefore, barred by *res judicata*; (2) the statute of limitations has run for those causes of action; and (3) the causes of action are barred because the movants have produced no evidence that they first pursued relief from Housing and Urban Development (HUD).  Additionally, the Debtor argued that the Unnamed Citizens had submitted their claims to the jurisdiction of this Court by filing their complaint in the non-dischargeability adversary proceeding, thereby foreclosing their ability to pursue the claims elsewhere. Counsel for the Debtor asserted these defenses as argument that there was an absence of cause for which to grant the Amended Motion for Relief from Stay.

---

[3] 11 U.S.C. § 362(g) reads:

> In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>> (1)      the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>> (2)      the party opposing such relief has the burden of proof on all other issues.

4

A week later, on November 17, 2008, the Debtor filed an Additional Response to the Amended Motion for Relief, in which he abandoned the *res judicata* and statute of limitations defenses raised during the hearing. In his Additional Response, counsel for the Debtor then argued that the initial burden of proof was on the party seeking relief to show cause for relief, at which point the party opposing relief has the burden of proving that the cause shown does not warrant relief from the stay. *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999). The Debtor then argues that non-dischargeability of a debt under 11 U.S.C. § 523 does not alone constitute cause for relief. *In re Morgan*, 44 B.R. 516 (Bankr. N.D. Ala. 1984). Instead, the Debtor argues that the Court should consider the *Curtis* factors and the factors outlined by the Fourth Circuit in *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342 (4th Cir. 1992). Without providing any analysis as to how this Court should apply those factors, the Debtor asserts that the Amended Motion for Relief should be denied.

The Unnamed Citizens then filed a Reply to Debtor's Additional Response on November 24, 2008, in which they argue first that, because the Debtor addressed neither his defense that the Unnamed Citizens' suit was barred because they had not filed an administrative complaint with HUD nor his defense that the Unnamed Citizens were precluded from pursuing the claims elsewhere because they submitted the claims to the jurisdiction of this Court, those defenses were abandoned. The Unnamed Citizens proceed to argue that, by virtue of 42 U.S.C. § 3613(a)(2), they are entitled to commence a civil action under the Fair Housing Act regardless of whether they first filed a complaint with HUD. The Unnamed Citizens then assert that they have not submitted their underlying claims to this Court; instead, they merely seek a declaration of non-dischargeability. Further, they argue that personal injury claims are excluded from the

5

jurisdiction of this Court.  The Unnamed Citizens also argue that the Debtor has not carried his

burden in opposition to the Amended Motion for Relief because he has failed to apply the

*Robbins* factors to the facts of this case.  Moreover, they assert that, to the extent they have a

preliminary burden in the prosecution of the Motion, they have met their burden of showing

"cause" as they have shown that the underlying claims must be adjudicated in another forum and

that such adjudication will result in no prejudice to the bankruptcy estate.  *Robbins*, 964 F.2d at

345; *In re Ware Window Co.,* 2003 Bankr. LEXIS 885, at *9, 2003 WL 21786015, at *3 (Bankr.

E.D. Pa. 2003).  Finally, the Unnamed Citizens argue that when no issues in the underlying

claims require bankruptcy expertise and when the adjudication of those claims will result in a

determination of the nature and amount of a debtor's liability, the Court should lift the automatic

stay.  *In re Allred*, 2004 Bankr. LEXIS 2379, at *9-*10, 2004 WL 3502655, at *3 (Bankr.

M.D.N.C. 2004).

## DISCUSSION AND DECISION

This Court has jurisdiction over this proceeding by virtue of the provisions of 28

U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984.  A determination regarding a motion to terminate, annul, or modify the

automatic stay is a "core" bankruptcy proceeding by virtue of 28 U.S.C. § 157(b)(2)(G).

Under the Bankruptcy Code, the filing of a petition in the bankruptcy court

operates to stay, among other things, "the commencement . . . of a judicial . . . proceeding

against the debtor that was or could have been commenced before the commencement of the

case."  11 U.S.C. § 362(a)(1).  The causes of action which the Unnamed Citizens intend to

initiate fall clearly within the protection of the automatic stay because they could have been

commenced prior to the petition filing date.  However, the Code also provides that individuals

may move for relief from the stay under certain circumstances.  As it relates to the Motion

presently before the Court, the Code allows that "[o]n request of a party in interest and after

notice and a hearing, the court shall grant relief from the stay . . . for cause."  11 U.S.C. §

362(d)(1).

       As the movants have correctly observed in their Motion, "cause" is undefined in

the Bankruptcy Code.  As a result, the "courts must determine when discretionary relief is

appropriate on a case-by-case basis."  *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994).  In

determining whether relief should be granted, courts "must balance potential prejudice to the

bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief

from the automatic stay if relief is denied."  *In re Robbins*, 964 F.2d at 345.  More specifically,

the *Robbins* court required that bankruptcy courts consider the following factors: (1) whether the

issues in the pending litigation involve only state law, so that the expertise of the bankruptcy

court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether

there would be greater interference with the bankruptcy case if the stay were not lifted because

matters would have to be litigated in bankruptcy court; and (3) whether the estate can be

protected properly by a requirement that creditors seek enforcement of any judgment through the

bankruptcy court.  *Id.*

       The parties disagree over the appropriate allocation of the burden of proof with

respect to whether cause exists to grant the Amended Motion for Relief.  According to the

Unnamed Citizens, the burden lies entirely on the Debtor under 11 U.S.C. § 362(g), but,

according to the Debtor, the initial burden rests on the movants to show "cause" in the first

7

instance.  While § 362(g) clearly places the burden of proof on the Debtor for all issues other than the issue of the Debtor's equity in property in hearings on motions for relief from the automatic stay, it does not strip the movant of his or her initial burden in filing such motions.  In fact, several authorities note clearly that the movant still carries the initial burden of establishing a *prima facie* case; only then does the burden of going forward shift to the Debtor.  *See* 3 *Collier on Bankruptcy* ¶ 362.10 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); Russell, Bankr. Evidence Manual, § 301:44 at pages 952-53  (West 2008-2009 ed.); *see also In re Bogdanovich*, 292 F.3d at 110; *In re Mazzeo*, 167 F.3d at 142.  This Court finds those authorities persuasive of the proposition that the Unnamed Citizens have the initial burden of demonstrating an appropriate basis for relief.  Once that has been accomplished, however, the ultimate burden of proof rests upon the Debtor to show a lack of cause to grant the Amended Motion for Relief.

Under that framework, the Unnamed Citizens have carried their initial burden in showing that some modification of the stay should be granted to allow for the liquidation of their claims against the estate.  If the allegations contained in the Amended Motion and the complaint filed in the adversary proceeding are true,[4] then the Debtor may have violated rights of the Unnamed Citizens which federal and state law clearly seek to protect.  To deny the Unnamed Citizens the right to proceed with these claims would greatly prejudice their ability to seek vindication for the alleged violations of their rights.  It is certainly true that such causes of action do not involve any questions of bankruptcy law or otherwise implicate any expertise possessed by this Court.  However, this Court does not agree that the Unnamed Citizens, therefore, should

---

[4] As discussed above, the Unnamed Citizens allege that the Debtor sent a threatening letter in an attempt to dissuade them from the prosecution of complaints against their landlord. Again, this Court makes no finding of fact or conclusion of law regarding these allegations.

be allowed a free hand to proceed to litigate them in such court of competent jurisdiction as they might choose to select.  As noted above, the *Robbins* court also requires consideration of other factors, namely the prejudice to the bankruptcy estate and the interests of judicial economy. Additionally, because the automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws,"  H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); 3 *Collier on Bankruptcy* ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.), and because it is intended to provide the necessary relief from the pressures that drove the Debtor into bankruptcy in the first instance so that he may focus on his reorganization, *id.*, this Court must also consider the consequences to the Debtor as well as the bankruptcy estate when deciding whether and to what extent it should modify the stay.

In many of the cases this Court has reviewed in which courts have considered modifying the stay to permit litigation in a forum other than the bankruptcy court, the causes of action the movants sought to prosecute were either pending at the time the bankruptcy petitions were filed or were filed with the bankruptcy courts in complaints also seeking determinations of the dischargeability of the claims.  *See In re Bogdanovich*, 292 F.3d 104 (breach of contract, fraud, and negligent misrepresentation claims pending in state court); *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87 (1997) (appeal from grant of summary judgment in malicious prosecution claim pending in state court); *In re Nifong*, 2008 Bankr. LEXIS 1608; 2008 WL 2203149 (Bankr. M.D.N.C. 2008) (claims pending in federal court); *Leathem v. Von Volkmar (In re Von Volkmar)*, 217 B.R. 561 (Bankr. N.D. Ill. 1998) (plaintiff seeks both liquidation of claims and determination of dischargeability regarding pending claims in state court); *In re Rexene Products Co.,* 141 B.R. 574 (Bankr. D. Del. 1992) (class action lawsuit pending in federal court).  There

9

are sound reasons why this Court could find relatively few cases in which courts modified the stay to allow individuals to commence causes of action in venues other than the bankruptcy courts.  For example, there are different considerations which enter into the analysis when an individual seeks relief merely to proceed with pending litigation than when he seeks relief to initiate and fully prosecute the same.  The burden on the individual seeking relief is much greater and the burden on the debtor and the estate much less when litigation is pending prior to the commencement of the bankruptcy case.  In such a situation, by the time the bankruptcy case has commenced, both the individual seeking relief and the debtor have already poured resources in prosecuting and defending against the underlying claims.  In other words, both parties have already "invested" heavily into the outcome of the litigation.  In the present case, however, no litigation was pending prior to the commencement of the case.  Therefore, this Court should be more careful when determining whether and to what extent to modify the automatic stay.

Here, there are essentially two distinct proceedings which the Unnamed Citizens intend to prosecute.  First, they intend to litigate the merits of the underlying claims.  Second, they intend to litigate the issue of whether any liabilities flowing from those claims are non-dischargeable debts.  The issues that would be litigated are related, yet they are distinctive enough that if this Court allowed the Unnamed Citizens to freely proceed in a court of competent jurisdiction of their choosing, the Unnamed Citizens, if successful in obtaining a judgment against the Debtor, would then have the separate burden of convincing this Court that the debts were non-dischargeable.  On the other hand, the issues underlying the causes of action which the Unnamed Citizens seek to litigate and the determination of their dischargeability are related enough that a court of competent jurisdiction could fully adjudicate both issues in the same

10

proceeding.  The interest of judicial economy suggests that both issues be determined in the most efficient manner possible.

Moreover, this Court is aware of the practical difficulties which currently face the Debtor.  He is presently incarcerated and awaiting trial on federal charges in Chicago, Illinois, while attempting to fulfill his duties as Debtor-in-Possession in the bankruptcy case.  To add to that burden the multiple tasks of defending against the civil action which the Unnamed Citizens seek to file and defending against the adversary proceeding seeking a determination regarding the dischargeability of any resulting judgment would most certainly affect negatively the Debtor's efficient administration of his duties in the bankruptcy case.  While the multiple proceedings the Debtor currently faces are certainly a result of his own choices, this Court is obliged nevertheless to weigh the interests of all parties concerned and make its determination which recognizes the rights of a debtor's creditors without unduly burdening the debtor's efforts to reorganize his affairs.

The Court does agree with the Unnamed Citizens that this Court is not empowered to try their asserted federal and state causes of action against the Debtor, even though their claims, if successful, will be claims against the bankruptcy estate.  This conclusion follows from the provisions of  28 U.S.C. § 157(b)(5),[5] which provides that "personal injury tort . . . [bankruptcy] claims" must be tried in the district court.  *See e.g., Curtis v. Loether*, 415 U.S.

---

[5] 28 U.S.C. § 157(b)(5) reads:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

11

189, 195 (1974) ("A damages action under the [Fair Housing Act] sounds basically in tort.");

*Thomas v. Adams (In re Gary Brew Enters.)*, 198 B.R. 616 (Bankr. S.D. Cal 1996) (racial

discrimination complaint falls within the term). This Court is aware that very distinguished

courts have disagreed over the issue of what constitutes a "personal injury tort." *Compare*

*Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 351 (E.D. Va. 2006) (the

range of personal injury tort claims is a category limited to "claims that involve an actual

physical injury") *and In re Cohen*, 107 B.R. 453, 455 (S.D.N.Y. 1989) (Section 157(b)(5) uses

the term "'personal injury tort' in the traditional, plain-meaning sense of those words, such as a

slip and fall, or a psychiatric impairment beyond mere shame and humiliation") *with Control*

*Ctr., LLC v. Lauer*, 288 B.R. 269, 286 (M.D. Fla. 2002) ("Defamation is a personal injury tort.")

*and In re Von Volkmar*, 217 B.R. at 566 ("Congress could have used the term 'personal bodily

injury' if it wished to specifically limit personal injury tort claims."). It finds more persuasive

the broader view that personal injury tort claims can involve invasions of personal rights instead

of limiting that phrase to include only claims which allege actual physical injury and has been

impressed by the rationale of Judge Stocks, of the Bankruptcy Court for the Middle District of

North Carolina, who points out that Congress "[i]n drafting section 522(d)(11) of the Bankruptcy

Code . . . referred to 'personal **bodily** injury' and, presumably would have used the same

language in section 157(b)(5) had it intended to limit that section to torts involving bodily

injury." *In re Nifong*, 2008 Bankr. LEXIS 1608, at *9, 2008 WL 2203149, at *3 (emphasis in

original). Judge Stocks also notes that the United States Supreme Court has concluded that

similar causes of action brought under 42 U.S.C. § 1983 "constitute personal injury actions for

purposes of determining the appropriate statute of limitations" and that it would be anomalous to

12

adopt a different interpretation in the context of § 157(b)(5). *Id*. at *10-*11, 2008 WL 2203149,

at *3. Additionally, in this District, Chief Judge Krumm concluded that it was appropriate to

interpret the term "personal injury" as used in the Virginia exemption statutes broadly to include

claims for libel, even though such claims do not require allegations of personal bodily injury to

succeed. *In re Walters,* 339 B.R. 607, 609 (Bankr. W.D. Va. 2006). While this Court

acknowledges that much of the rationale in *Walters* focused on the principle that state exemption

statutes are to be interpreted liberally in favor of debtors, it concludes that Chief Judge Krumm's

interpretation of the term "personal injury" is entirely consistent with the rationale of Judge

Stocks in construing essentially the same language within the context of 28 U.S.C. § 157(b)(5).

Such an interpretation further serves the purpose of construing broadly the limitation on

bankruptcy court jurisdiction which Congress sought to effect in that statute. *See generally Sea

Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Ass'n)*, 439 F.3d 545, 549 (9th Cir.

2006) ("Bankruptcy courts are courts of limited jurisdiction."); *Binder v. Price Waterhouse &

Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154 (3d Cir. 2004) ("Congress has vested 'limited

authority' in bankruptcy courts.")

       Although it is clear that this bankruptcy court cannot liquidate the Unnamed

Citizens' tort claims against the Debtor, it is equally clear that the district court does have

jurisdiction to hear and determine such claims. The relevant jurisdictional statute accords to the

district court "original but not exclusive jurisdiction of all civil proceedings arising under title

11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Claims against the

bankruptcy estate have been held to be civil proceedings "related to" the bankruptcy case.

*Calumet Nat'l Bank v. Levine (In re Levine)*, 179 B.R. 117, 120 (Bankr. N.D. Ind. 1995)

13

(concluding that wrongful death and personal injury actions against the debtor were "related to" the bankruptcy case); *see also Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996) (observing that "related to" jurisdiction is to be broadly construed and includes proceedings, which "need not necessarily be against the debtor," and in which "the outcome could have an effect upon the estate being administered under Title 11"). So the District Court for the Western District of Virginia is empowered to adjudicate the personal injury claims being asserted by the Unnamed Citizens.  That court is further explicitly authorized by 28 U.S.C. § 157(b)(5) either to adjudicate such claims itself or to "order . . . [that such] claims shall be tried . . . in the district court in the district in which the claim[s] arose." Accordingly, the Unnamed Citizens will be free to urge upon the district court the apparent facts that (i) they live within the Eastern District of Virginia, (ii) the physical presence of relevant trial witnesses in that jurisdiction, (iii) the letters which the Debtor allegedly sent were intentionally directed to them there, and (iv) any injuries they allegedly sustained were suffered there.

As a result, in order to follow most closely the principles of law the Fourth Circuit established in *Robbins*, this Court should enter a decision which most effectively balances the efficient administration of judicial resources and the burdens on the Debtor, the bankruptcy estate and the Unnamed Citizens, as discussed above.  In so doing, this Court concludes that the most appropriate course of action is to modify the automatic stay to allow the Unnamed Citizens to amend their complaint in the dischargeability adversary proceeding to include their underlying claims against the Debtor, the allegations which support those claims, and the allegations which support the non-dischargeability of such claims.  Counsel for the Debtor who has already filed an

14

answer to the original complaint in that proceeding of course will be allowed a reasonable

amount of time to respond to any amended complaint which the Unnamed Citizens may file.

The plaintiffs can be expected to file a motion in the district court to withdraw the reference to

this Court of the adversary proceeding and, if they choose, to seek an order transferring the

proceeding to the District Court for the Eastern District of Virginia for trial, or perhaps to

incorporate a prayer for such relief in the amended complaint itself.  Such a procedure, in the

Court's view, will limit the burdens on the Unnamed Citizens, the Debtor, and the bankruptcy

estate, and it will also allow for the most efficient functioning of the judicial system.  It will

further fulfill Congressional intent that the decisions regarding the liquidation of personal injury

tort claims that affect the bankruptcy estate will be made by the district court in the district in

which the related bankruptcy case is pending.

In reaching the above conclusion, this Court has considered the defenses which

the Debtor has raised to the Unnamed Citizens' Amended Motion for Relief, even though its

authority to do so may be problematic by reason of the provisions of 28 U.S.C. § 157(b)(5)

already discussed.  First, the Debtor argues that the underlying causes of action cannot move

forward because the Unnamed Citizens have not previously filed a complaint with HUD.  The

Unnamed Citizens observe that the Fair Housing Act provides that "[a]n aggrieved person may

commence a civil action...**whether or not a complaint has been filed** [with HUD] under section

810(a)."  42 U.S.C. § 3613(a)(2) (emphasis added).  In fact, several courts have held that the

right to file an administrative complaint and the right to file a civil action are alternative paths to

relief.  *See Oliver v. Foster*, 524 F. Supp. 927, 929 (S.D. Tex. 1981) ("The exhaustion of

administrative remedies is not a prerequisite to a claim in federal court."); *Fair Hous. Council,*

*Inc. v. E. Bergen County Multiple Listing Serv., Inc.*, 422 F. Supp. 1071, 1078 (D.N.J. 1976) ("Congress intended to provide alternate paths to relief."); *Howard v. W. P. Bill Atkinson Enters.*, 412 F. Supp. 610, 611 (W.D. Okla. 1975) ("These remedies [civil and administrative] are clearly in the alternative."). Therefore, this Court rejects this defense. Second, the Debtor argues that the Unnamed Citizens have already submitted the causes of action to this Court for determination on the merits and, therefore, cannot now proceed to seek litigation of the claims elsewhere. Based on the discussion above, the Court need not address this argument as the relief being granted requires the Unnamed Citizens to submit the merits of the claims initially to this Court, even though it recognizes that it cannot liquidate those claims.

Finally, the Court notes that the principal causes of action being asserted by the Unnamed Citizens under the Fair Housing Act are ones of which federal district courts are expressly empowered to hear. 42 U.S.C. § 3613(a). Accordingly, in the event that this bankruptcy case were to be dismissed after the filing of the amended complaint authorized by this decision, the district court would have continuing non-bankruptcy jurisdiction to determine the plaintiffs' causes of action although the non-dischargeability issues might then become moot. The point is that irrespective of what happens in the conduct of the underlying bankruptcy case, the rights of the Unnamed Citizens would not be prejudiced by their assertion of the merits of their claims in the first instance in this Court.

## CONCLUSION

Based on the foregoing, this Court will grant the Unnamed Citizens' Amended Motion for Relief from Automatic Stay to allow the Unnamed Citizens within ninety days from this date to amend their complaint in Adversary Proceeding Number 08-07062 to assert on the

16

merits the claims they wish to pursue against the Debtor, as well as the allegations supporting the

non-dischargeability of those claims, to request the District Court for this district to withdraw the

reference to this Court with respect to such adversary proceeding, and to seek an order there that

such adversary proceeding be tried in the district court for the district in which such claims

arose. An order in accord with the ruling explained in this decision will be entered

contemporaneously herewith.

This the 15th day of December, 2008.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE