IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| WILLIAM ALEXANDER WHITE ) | CASE NO. 08-71107 |
| ) | |
| Debtor. ) | |
| | |
| WELLS FARGO BANK NATIONAL ) | |
| ASSOCIATION c/o AMERICAN HOME ) | |
| MORTGAGE SERVICING, INC. ) | |
| ) | |
| Movant, ) | MOTION FOR RELIEF |
| ) | FROM AUTOMATIC STAY |
| v. ) | |
| ) | |
| WILLIAM A. WHITE ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM DECISION

The matter before the Court is a Motion for Relief filed by Wells Fargo Bank with regard to a deed of trust upon residential rental property located at 832 Patterson Avenue in the City of Roanoke which secures the payment of a note dated November 16, 2006 in the original amount of $107,200.00 bearing interest at the rate of 9.250% per annum. Although the Debtor does not contest the Bank's representation that he has made no payment upon the note since the one which was due in February of 2008, he opposes granting relief and expresses a willingness to begin making adequate protection payments. The motion for relief was filed on September 8, 2008. On September 9, 2008, this Court, in accordance with its usual procedures, issued a pre-hearing order which directed the parties to provide certain information to each other and the Court. That order directed the proponent of the motion to include in the motion or file a

certification containing, among other things, the following information: unpaid principal, accrued interest, late charges, attorney's fees, advances for taxes and insurance, unearned interest, and a per diem interest factor. The certification form incorporated as an exhibit to the pre-hearing order also sought disclosure of the proponent's valuation of the property serving as the collateral for its loan. While the Bank did include in its Motion an allegation that it was owed "$113,019.07 plus per diem interest and other advances made by the noteholder, (i.e., taxes, insurance) and attorney's fees and court costs" as of August 26, 2008 and provided an exhibit of the existing claimed arrearage on the debt, it neither filed an independent certification nor set forth in its Motion the following basic information: the principal balance owing, a per diem interest amount, accrued interest, advances, or unearned interest, if applicable. The Bank never provided, either prior to or during the hearing upon its Motion, the information in question although the hearing upon its Motion was continued with its consent on three separate occasions before the January 12, 2009 hearing date. Neither did the Bank provide its valuation of the 832 Patterson Avenue property.

The pre-hearing order also directed the Debtor as the respondent to the Motion to do certain things, including file a response if the motion was contested and his own certification form. Then counsel for the Debtor did file both a response opposing the motion for relief and the required certification which valued the Patterson Avenue property at $140,165.00. The order further directed the Debtor at least three days in advance of a contested hearing upon the motion to file a pleading setting forth an appropriate adequate protection proposal for the mortgagee of the property. This the Debtor failed to do. Although at the January 12 hearing counsel for the Debtor expressed on behalf of his client an intent to provide adequate protection to the Bank, he did not offer any specific proposal to accomplish that. After the conclusion of the hearing, the

Court directed the parties to confer during the following week to explore whether a mutually agreeable arrangement to provide the Bank adequate protection could be worked out. The Court has been advised that such efforts have not been successful. Accordingly, the Court is obliged to rule upon the motion for relief.

During the hearing upon the Motion the only witness who testified was Meghan White, the wife of the Debtor. Although she is not currently working as a real estate agent, she is or has been licensed as one and has personal experience in listing, selling and analyzing real estate of the kind which is the subject of the Bank's Motion. She was offered as an expert witness on behalf of the Debtor and after thorough questioning of her experience and credentials by Debtor's counsel, the Bank's counsel and the Court, it accepted her as such. She testified that in her opinion the fair market value of the 832 Patterson Avenue property is $120,000. She further testified that the property is subdivided into four residential rental apartments, all of which are currently rented and producing aggregate gross rental income of $1,950.00 per month. The regular monthly payment on the loan per the loan arrearage statement, which appears to include an escrow for insurance and real estate tax obligations, is $1,152.46. The monthly principal and interest payment on the loan per the note is $881.91. Also heard at the same time as the motion for relief on the 832 Patterson Avenue property was a separate motion filed by the Bank upon a similar property located at 1526 Patterson Avenue comprised of two residential apartments, only one of which is currently rented. This property currently is producing income of only $475.00 monthly, which is less than the regular mortgage payment to the Bank of $623.85 a month. In light of these circumstances the Debtor by counsel conceded that he was not in a position to offer adequate protection to the Bank with respect to this property and accordingly the Court announced at the hearing that relief was granted to the Bank with respect to its deed of

trust upon the 1526 Patterson Avenue property.

Although neither the Debtor nor the Bank has expressly challenged the failure of the other to comply with the Court's pre-hearing order, the Court is not thereby deprived of the authority to consider such failures. After all, the order in question is one entered by the Court in accordance with its established procedures for the purpose of providing relevant information to the Court as well as the parties in direct interest and thereby expedite the prompt and full consideration of motions for relief. While perfect compliance with such orders may be too high a goal, the Court does expect substantial compliance with them. While this expectation is a general one of course, it certainly is applicable with respect to motions for relief filed by counsel, such as Bank's counsel, who regularly handle such matters in this Court and therefore know, or at least definitely should know, what they need to do in order to prosecute such motions properly. The provisions contained in such orders are not designed simply to make work for counsel, but to assure that the parties' contentions and all relevant information are presented to the Court in summary form so that it will be in a position to make the best and most efficient possible rulings with respect to the motions for relief before it. The actions directed in such pre-hearing order are not intended to be either optional or of a "pick and choose" nature.

Under these circumstances the Court declines to rule upon the motion for relief on the information which is now before it. Instead the Court will order the Bank to comply with the provisions of the September 9, 2008 pre-hearing order by filing with it within ten (10) days a completed certification form required of the proponent of a motion for relief in this Court. The Court will further order the Debtor to file within five (5) business days after the actual date of filing of the proponent's certification a response thereto either accepting or disputing the information contained in such certification, and if the latter, to specify the particulars of any such

dispute, and setting forth the Debtor's adequate protection proposal with respect to the 832 Patterson Avenue property and contemporaneously transmitting to the Bank, c/o its counsel in this matter, assured payment of **twice** the amount of any proposed monthly adequate protection payment contained in such proposal. If the Bank shall fail to file a timely certification, its motion for relief will be denied and dismissed without prejudice. If the Debtor fails either to file a timely response and adequate protection proposal or to make payment as directed, the Bank's Motion will be granted and its counsel directed to submit forthwith an order to such effect. If both the Bank and the Debtor comply with their respective obligations contained in the order, the Bank's Motion will be set for a final hearing on February 23, 2009 at 2:00 p.m. in Roanoke.

This the 22nd day of January, 2009.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE